UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joel Smith and John Nesse, *or any successors as Trustees of the Minnesota Laborers Health and Welfare Fund*; Joel Smith and Daniel Shoemaker, *or any successors as Trustees of the Minnesota Laborers Pension Fund*; Joel Smith and Heather Grazzini, *or any successors as Trustees of the Minnesota Laborers Vacation Fund*; Fred Chase and Joe Fowler, *or any successors as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota*; Dave Borst and Mark Ryan, *or any successors as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust*; The Construction Laborers Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; The Minnesota Laborers Health and Welfare Fund; The Minnesota Laborers Pension Fund; The Minnesota Laborers Vacation Fund; and The Minnesota Laborers Employers Cooperation and Education Trust, | Case No. 22-cv-0019 (WMW/ECW) <br><br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
|             Plaintiffs, | |
|   v. | |
| Jacon LLC, | |
|             Defendant. | |

---

This matter is before the Court on Plaintiffs' motion for default judgment and injunctive relief. (Dkt. 10.) Plaintiffs seek entry of default judgment against Defendant

Jacon LLC (Jacon) and an injunction ordering Jacon to produce two outstanding monthly remittance reports and pay "all amounts due" to Plaintiffs. For the reasons addressed below, Plaintiffs' motion for entry of default judgment and injunctive relief is granted.

## BACKGROUND

Plaintiffs are several multi-employer benefit plans (Funds) and the trustees (Trustees) of the Funds (collectively, Plaintiffs). The Funds were created and are maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974, codified as amended at 29 U.S.C. § 186(c)(5). The Trustees administer the Funds in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq*. Jacon is a Minnesota limited liability corporation.

In February 2021, Jacon bound itself to the terms of a Collective Bargaining Agreement (CBA) through April 2023 after negotiations with the Highway, Railroad, and Heavy Construction Division of Associated General Contractors of Minnesota and the Laborers' District Council of Minnesota and North Dakota. The CBA requires Jacon to make monthly contributions to the Funds in an amount set forth by the CBA. The CBA also requires Jacon to maintain records, accurately report and calculate monthly contributions on regular remittance reports and timely submit these reports each month to the Funds and Trustees. Under the CBA, delinquency accrues on the fifteenth of each month in which Jacon misses a payment or fails to submit a remittance report. The CBA sets forth remedies in the case of delinquency, which include liability for missing payments, liquidated damages, interest and "all attorneys' fees" for collecting amounts due.

2

Plaintiffs allege that Jacon failed to timely submit its required monthly contributions and remittance reports from August 2021 through May 2022, thereby breaching the terms of the CBA. Because Jacon employed individuals governed by the CBA during the months relevant to this matter but failed to make any contributions to the Funds, Plaintiffs allege, Jacon owes money to the Funds. Plaintiffs have not specified the precise amount of the damages sought because they allege that Jacon also failed to submit the monthly remittance reports that should have accompanied Jacon's missing payments.

After Plaintiffs commenced this action in January 2022 and served Jacon with a copy of the summons and complaint, Jacon submitted overdue payments and remittance reports for the months from August 2021 through March 2022. Jacon did not respond to Plaintiffs' complaint, however. The Clerk of Court, on Plaintiffs' application, entered default against Jacon on February 1, 2022. Plaintiffs thereafter moved for entry of default judgment and injunctive relief. At the hearing on Plaintiffs' motion, Plaintiffs represented to the Court, and confirmed in subsequent filings, that Jacon submitted remittance reports, contributions and liquidated damages to the Funds for the months of April 2022 and May 2022. As such, Plaintiffs now contend that Jacon remains delinquent under the CBA for the months of June 2022 and July 2022. Plaintiffs seek entry of default judgment against Jacon and an injunction that orders Jacon to submit the missing remittance reports for June 2022 and July 2022 and "pay all amounts due" to Plaintiffs.

## ANALYSIS

### I.  Plaintiffs' Motion for Entry of Default Judgment

To obtain a default judgment, a party must follow a two-step process.  The party seeking a default judgment first must obtain an entry of default from the Clerk of Court. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, unless a party seeks a sum certain, or a sum that can be made certain, "the party must apply to the court for a default judgment" following entry of default by the Clerk of Court.  Fed. R. Civ. P. 55(b)(1)–(2).

The record supports the Clerk's entry of default because the record reflects that Plaintiffs properly served Jacon with the complaint and summons and that Jacon failed to answer or otherwise respond.  Because Plaintiffs satisfied the first step of the two-step process for obtaining a default judgment, *see* Fed. R. Civ. P. 55(a), the Court next addresses whether Plaintiffs have satisfied the second step of this process.

After the Clerk of Court enters default, the party seeking affirmative relief "must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  When the Clerk of Court enters default, the factual allegations in the complaint are taken as true and deemed admitted, except for allegations relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *accord Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). "[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."

*Murray*, 595 F.3d at 871 (internal quotation marks omitted). The Court, therefore, must evaluate the factual basis for Plaintiffs' complaint. *See id.*

Plaintiffs allege a breach-of-contract claim against Jacon. Under Minnesota law, three elements comprise a breach-of-contract claim: formation of a contract, the plaintiffs' performance of any condition or conditions precedent to the defendant's performance and a breach by the defendant. *See Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014).

Plaintiffs allege that formation occurred when Plaintiffs and Jacon entered into the CBA on February 11, 2021. Plaintiffs further allege that covered employees performed work for Jacon, thereby satisfying Plaintiffs' obligations under the CBA. According to Plaintiffs, Jacon breached its obligations by failing to submit required monthly contributions and remittance reports from August 2021 through July 2022. Plaintiffs argue that Jacon's breach of its obligations entitles Plaintiffs to exercise their remedies under the CBA.

Accepting these facts as true, Plaintiffs have alleged sufficient facts to support their breach-of-contract claim against Jacon. *See id.* For this reason, the Court concludes that Plaintiffs' allegations, accepted as true in light of Jacon's default, constitute a legitimate claim for breach of contract as to Jacon. *See Murray*, 595 F.3d at 871. The Court, therefore, orders entry of default judgment against Jacon and in favor of Plaintiffs.

## II.     Plaintiffs' Motion for Injunctive Relief

The sole remaining issue is whether to grant the injunction that Plaintiffs request. Plaintiffs' complaint seeks money damages from Jacon under ERISA for Jacon's past-due

contributions to the Funds, interest on those contributions, liquidated damages and attorneys' fees and costs. ERISA mandates the award of such damages upon the establishment of an employer's liability for noncompliance with its statutory responsibilities. *See* 29 U.S.C. § 1145; *see, e.g.*, *Nesse as Tr. of Minn. Laborers Health & Welfare Fund v. Green Nature-Cycle, LLC*, 7 F.4th 769, 775–76 (8th Cir. 2021). To establish entitlement to damages in a default-judgment case, a party must prove such damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

Here, Plaintiffs neither allege nor prove a fixed sum of damages. Rather, Plaintiffs request injunctive relief ordering Jacon to submit the past-due monthly remittance reports for June 2022 and July 2022 so that Plaintiffs can prove the value of the damages to which default judgment entitles them. ERISA permits and requires a district court to award "equitable relief as the court deems appropriate" for the enforcement of ERISA. 29 U.S.C. § 1132(g)(2)(E). When determining whether a request for injunctive relief meets this standard, the court must consider "the special nature and purpose of employee benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (internal quotation marks omitted). Equitable relief under ERISA, therefore, may permissibly include an order that defendants submit past-due or missing remittance reports and prospective reports throughout the pendency of a lawsuit, as such relief effectuates the purposes of ERISA and multi-employer benefit funds. *See Twin City Pipe Trades Serv. Ass'n, Inc. v. Wenner Quality Serv., Inc.*, 869 F.3d 672, 679 (8th Cir. 2017); *Laborers Fringe Ben. Funds-Detroit & Vicinity v. Nw. Concrete & Const., Inc.*, 640 F.2d 1350, 1351–53 (6th Cir. 1981).

The injunctive relief Plaintiffs seek will permit Plaintiffs to assess and prove the amount of money that Jacon owes. Absent injunctive relief, Plaintiffs cannot accurately determine the amount of Jacon's monetary delinquency under the CBA and, for that reason, Plaintiffs cannot prove the amount of the damages to which the entry of default judgment entitles them. *See Everyday Learning Corp.*, 242 F.3d at 818–19. Plaintiffs, therefore, request "appropriate" equitable relief within the meaning of ERISA. 29 U.S.C. § 1132(g)(2)(E); *see Twin City Pipe*, 869 F.3d at 679. The Court concludes that ERISA entitles Plaintiffs to receive, and requires Jacon to produce and pay, all missing monthly remittance reports and outstanding payments under the CBA for June 2022 and July 2022.

For these reasons, the Court grants Plaintiffs' request for injunctive relief against Jacon. Jacon shall submit to Plaintiffs the outstanding monthly remittance reports regarding the Funds for June 2022 and July 2022 and to pay Plaintiffs all amounts due under the CBA for June 2022 and July 2022.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' motion for entry of default judgment, (Dkt. 10), is **GRANTED**.

2. Plaintiffs' motion for injunctive relief, (Dkt. 10), is **GRANTED** as follows:

    a. Defendant Jacon LLC shall submit to Plaintiffs the outstanding monthly remittance reports regarding the Funds for June 2022 and July 2022.

    b. Defendant Jacon LLC shall pay Plaintiffs all amounts due under the CBA for June 2022 and July 2022.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 5, 2023                                          s/Wilhelmina M. Wright
                                                                                    Wilhelmina M. Wright
                                                                                    United States District Judge